# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| HUONG AI TRAN, § § | |
| Plaintiff, § | CIVIL ACTION NO. 4:19-CV-00395-RWS |
| § § | |
| v. § § | |
| COMMISSIONER OF SOCIAL SECURITY, § § § | |
| Defendant. § | |

## ORDER

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of this action has been presented for consideration. Docket No. 13. Plaintiff filed objections to the Report and Recommendation. Docket No. 14. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

On February 15, 2017, Plaintiff Huong Ai Tran filed an application for disability and disability insurance benefits. (Tr. 51, 136). Plaintiff alleges a disability onset date of January 20, 2017, due to fibromyalgia, rheumatoid arthritis, left shoulder impingement syndrome, chronic viral hepatitis B, bladder problems, chronic venous insufficient, osteoarthrosis and anxiety. (Tr. 50–51, 170). The Commissioner of the Social Security Administration denied the application at the initial and reconsideration levels. (Tr. 76, 85–86). An Administrative Law Judge held a hearing on July 17, 2018. (Tr. 26–49). The ALJ issued an unfavorable decision on August 24, 2018, finding

Plaintiff not disabled at step four. (Tr. 14–21). The Appeals Council denied Plaintiff's request to review the decision. (Tr. 1–8). Plaintiff now seeks judicial review of the final decision in this Court. Docket No. 1.

## REPORT AND RECOMMENDATION

On August 31, 2020, the Magistrate Judge entered a Report and Recommendation recommending that the social security cause of action be affirmed. Docket No. 13 at 1. The Magistrate Judge set forth in detail the medical evidence of record, including, among other evidence regarding Plaintiff's alleged impairments, the following opinions of the State Agency Medical Consultants Drs. Ligon and Ballard, which the ALJ gave great weight. *Id.* at 2–7.

Dr. Ligon reviewed Plaintiff's medical records at the initial level on April 24, 2017. (Tr. 50–58). Dr. Ligon detailed that Plaintiff's most recent exam from January 2017 demonstrated "no major coordination limitations, reflex limitations, or strength limitations." (Tr. 53). Dr. Ligon further detailed that Plaintiff "states she is capable of walking a block, doing laundry, cleaning, mopping, and vacuuming." (Tr. 53). Dr. Ligon concluded that "the preponderance of evidence indicates that the claimant may be somewhat restricted by sx but would not be wholly compromised in ability to function in a work setting. Alleged limitations not wholly supported by MEOR." (Tr. 53). Dr. Ligon listed as impairments only "chronic venous insufficiency" as "severe" and "osteoarthritis and allied disorders" as "severe." (Tr. 53). Dr. Ligon stated Plaintiff can occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, can stand and/or walk for about six hours in an eight-hour workday, can sit with normal breaks for a total of about six hours in an eight-hour workday, and can push and/or pull "unlimited, other than shown, for life and/or carry." (Tr. 54–55). Notably, Dr. Ligon further concluded Plaintiff does not have manipulative limitations. (Tr. 55). Similarly, on reconsideration on August 14, 2017, Dr. Ballard

noted that Plaintiff "had no perceived or observed limitations." (Tr. 61–74). Dr. Ballard further noted that Plaintiff's most recent examination from January 2016 "showed 9/18 FM trigger points, but no major coordination limitations, reflex limitations, or strength limitations." (Tr. 66). Dr. Ballard notated that Plaintiff "states she is capable of walking a block, doing the laundry, cleaning, mopping, and vacuuming." (Tr. 66). Dr. Ballard concluded "the preponderance of evidence indicates that the claimant may be somewhat restricted by sx but would not be wholly compromised in ability to function in a work setting. Alleged limitations not wholly supported by MEOR." (Tr. 66). Dr. Ballard listed as "medically determinable impairments" chronic venous insufficiency, osteoarthritis and allied disorders and anxiety and obsessive-compulsive disorders—all "severe." (Tr. 66). Dr. Ballard opined that Plaintiff can occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and/or walk with normal breaks about six hours in an eight-hour workday, sit with normal breaks for six hours in an eight-hour workday and push and/or pull unlimited, other than shown, for lift and/or carry. (Tr. 69). Dr. Ballard, like Dr. Ligon, concluded that Plaintiff does not have manipulative limitations. (Tr. 69).

At hearing, counsel for Plaintiff acknowledged that no treating source opinions had been submitted in support of Plaintiff's application, that Plaintiff had seen approximately five medical providers in a span of five months and acknowledged that other than complaints of hand pain with use, no particular records supported a limitation for occasional handling and fingering. (Tr. 32).

In her discussion, the Magistrate Judge first discussed the applicable severity standard at step two of the sequential analysis, finding that the ALJ erred in failing to cite to the *Stone* standard, before turning to discuss the ALJ's assessment of the functional limitations stemming from Plaintiff's severe impairments and the requirements of Plaintiff's past work. Docket No. 13 at 12–14. As explained by the Magistrate Judge, while the ALJ failed to cite the correct standard for

severe impairments, the ALJ nonetheless continued the sequential analysis, considering Plaintiff's ability to perform work activities despite her medically determinable impairments of chronic venous insufficiency, osteoarthosis and anxiety. *Id.* at 13–14. The Magistrate Judge found the ALJ's opinion included limitations in the RFC determination that were supported by the evidence of record and also that the ALJ did not misconstrue the VE's testimony that Plaintiff "could sit or stand 'as the occupation required,' " establishing that Plaintiff could perform her past work. *Id.* at 15–19.

## **OBJECTIONS**

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's social security cause of action be affirmed. Docket No. 14. Plaintiff asserts that the Magistrate Judge erred in her consideration of step two of the sequential analysis and improperly suggested that SSR 85-28 sets forth the proper legal standard to evaluate severe impairments in contravention of *Stone*. *Id.* at 2–6. According to Plaintiff, the *Stone* error taints the remainder of the ALJ's analysis. *Id.* at 5. Plaintiff further asserts, as she did before the Magistrate Judge, that the ALJ did not properly address all of Plaintiff's severe impairments and did not consider the functional limitations stemming from any such impairments. *Id.* at 1. Plaintiff also argues that the determination that Plaintiff could return to her past work is not supported by the record because her past work did not allow her complete freedom to sit or stand at will, as required by the ALJ's RFC. *Id.*

## *DE NOVO* **REVIEW**

### *Sequential evaluation process and burden of proof*

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who, at the time of his disability

claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(a)(4)(ii). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(a)(4)(iv). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. At the last step, the burden shifts to the Commissioner. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). If at any step the Commissioner finds the claimant is or is not disabled, the inquiry terminates. *Id.*

### *The ALJ's findings*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since January 20, 2017, the alleged onset date. (Tr. 16). The ALJ found that Plaintiff has the following severe impairments: chronic venous insufficiency, osteoarthritis and anxiety. (Tr. 16). The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (Tr. 18). The ALJ determined that Plaintiff "has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour workday, and stand/walk for 6 hours in an 8-hour workday with a sit/stand option at will while remaining at

the workstation. The claimant can frequently push/pull. The claimant can frequently reach, handle, and finger. The claimant can occasionally climb ramps/stairs, ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, and kneel. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks and instructions learned by rote and repetition. The claimant can make simple work decisions. The claimant can attend and concentrate on simple tasks for extended periods with normal breaks. Supervision should be simple, direct, and concrete; and interpersonal contact should be routine but superficial." (Tr. 19–20). The ALJ determined that Plaintiff is able to perform past relevant work. (Tr. 21).

*Discussion*

Plaintiff first contends that the Magistrate Judge erred in finding that the ALJ had applied the correct legal standard in evaluating severe impairments. Docket No. 14 at 3.

At Step Two of the evaluation process, the ALJ must consider whether a claimant's impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (quotations omitted). An ALJ is presumed to have applied the incorrect severity standard unless he or she refers to *Stone*, another opinion of the same effect or expressly states that he or she is using the 5th Circuit's construction of 20 C.F.R. § 404.1520(c) when setting forth the standard. *Id.* at 1106. That presumption may be rebutted by showing that the ALJ applied the correct legal standard or that the incorrect standard was harmless. *West-Lewis v. Berryhill*, No. 17-CV-345, 2018 WL 1055586, at *3 (N.D. Tex. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 1054537 (Feb. 23, 2018).

The ALJ undisputedly did not cite to *Stone* or to any case of similar effect. Instead, the ALJ cited to SSR 85-28, which states that an impairment or combination of impairments is severe if it significantly limits an individual's ability to perform basic work activities. (Tr. 15). Plaintiff's objection, however, misses the mark. The Magistrate Judge did not, as Plaintiff contends, suggest that the ALJ had applied the proper legal standard. Rather, the Magistrate Judge recognized a split in authority on whether citing to SSR 85-28 incorporates the correct legal standard. *See* Docket No. 13 at 14; *compare Knapp v. Saul*, No. 7:19-cv-69, 2020 WL 3516130, at *4 (N.D. Tex. June 12, 2020) (concluding that SSR 85-28 incorporates the *Stone* standard) *with Arteaga v. Berryhill*, Case No. 4:18-CV-3475, 2020 WL 1154570, at *3 (S.D. Tex. March 10, 2020) (concluding that citing to SSR 85-28, not to *Stone*, was legal error). This Court has adopted the view that citing to SSR 85-28 rather than *Stone* constitutes legal error. *See Seldon v. Berryhill*, Case No. 5:18-cv-1, slip op. at 31–34 (E.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, slip op. at 1 (E.D. Tex. Dec. 19, 2018). The Magistrate Judge did not conclude otherwise; rather, she agreed with the Commissioner that any error is harmless if certain conditions are satisfied. *See* Docket No. 13 at 14. And those conditions are the subject of Plaintiff's next objection.

Plaintiff contends that the Magistrate Judge recommended a blanket rule that an ALJ's failure to apply the correct legal standard at step two is harmless if the ALJ continues the five-step sequential evaluation of disability. Docket No. 14 at 4. Plaintiff submits that, in fact, the error is only harmless when there is evidence that the ALJ considered and assessed the effect of all of the plaintiff's impairments, which did not occur here. *Id.*

Courts in the Fifth Circuit consistently apply a harmless error analysis when the ALJ proceeds past step two in the evaluation process. *See Arteaga*, 2020 WL 1154570, at *4 (collecting cases); *see also Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (applying harmless error

analysis to *Stone* error and noting that cases should not be remanded unless the plaintiff's substantial rights have been affected). An error is harmless if it does not affect the substantial rights of a party or when it is inconceivable that the ALJ would have reached a different conclusion absent the error. *Taylor*, 706 F.3d at 603; *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

The Magistrate Judge did not, as Plaintiff contends, embrace a blanket rule that proceeding beyond step two cures the harm in applying the wrong legal standard. The Magistrate Judge went further and explicitly addressed Plaintiff's allegations of other severe impairments—including fibromyalgia, rheumatoid arthritis, left shoulder impingement syndrome, chronic viral hepatitis B and bladder problems—and noted that Plaintiff had failed to cite any objective medical evidence that would have allowed the ALJ to conclude that any of these conditions resulted in additional functional consequences. Docket No. 13 at 14. The analysis comports with the substantial rights question and does not run afoul of Fifth Circuit law. The Magistrate Judge conducted the appropriate analysis and concluded that the ALJ's analysis had not impacted Plaintiff's substantial rights. Plaintiff's objection that the Magistrate Judge did otherwise is without merit.

With regards to the Magistrate Judge's substantive analysis, Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff had not indicated any other impairments which should have been found to be severe. Docket No. 14 at 6 (citing Docket No. 13 at 14). Plaintiff points to the finding of Plaintiff's treating orthopedic surgeon, Dr. Michael Taba, that Plaintiff had limited range of motion of the left shoulder and positive impingement signs. *Id.* at 6–7 (citing Tr. 349). Plaintiff submits that this impairment impacted her ability to work because the vocational witness testified that her past work requires frequent reaching. *Id.* at 7 (citing Tr. 46).

Plaintiff is incorrect. As the Magistrate Judge found, the ALJ considered and assessed the effect of all of Plaintiff's alleged impairments, including manipulative limitations. Docket No. 13

at 14. Indeed, the ALJ specifically considered Plaintiff's visit to Michael Taba and noted his shoulder impingement diagnosis. (Tr. 17–18 (citing Tr. 348–349)). As a result, the ALJ limited Plaintiff to light work with frequent pushing/pulling, reaching, handling and fingering. (Tr. 19–20). The ALJ acknowledged Plaintiff's alleged symptoms, including shoulder pain, but concluded that they were inconsistent both with the objective medical evidence in the record and with Plaintiff's daily activities, including 15 hours a week in the gym. (Tr. 21 (noting that "[o]n exam, there was mild tenderness in [Plaintiff's] upper extremities"; *see also* Tr. 18 (noting Dr. Taba's finding of "tenderness of the acromioclavicular joint" and "tenderness of the supraspinatus and the infraspinatus")). An ALJ may find that a claimant has no limitation or restriction as to a functional capacity[1] when there is no allegation of a physical or mental limitation or restriction regarding that capacity, and no information in the record indicates that such a limitation or restriction exists. *Scott C. P. v. Berryhill*, No. 3:18-CV-00036-D-BH, 2019 WL 1318365, at *11 (N.D. Tex. Feb. 26, 2019) (citing SSR 96-8p, 1996 WL 374184, at *1). A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Id.* (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)). Courts may not reweigh the evidence or substitute their judgment for that of the Secretary, however, and a "no substantial evidence" finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Id.* (citing

---

[1] The residual functional capacity, or RFC, is defined as the most that a person can still do despite recognized limitations. *Scott C. P. v. Berryhill*, No. 3:18-CV-00036-D-BH, 2019 WL 1318365, at *11 (N.D. Tex. Feb. 26, 2019) (citing 20 C.F.R. § 404.1545(a)(1)), *report and recommendation adopted*, No. 3:18-CV-0036-D, 2019 WL 1315894 (N.D. Tex. Mar. 22, 2019). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Id.* (quoting Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996)). An individual's residual functional capacity should be based on all of the relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources. *Id.* (citing 20 C.F.R. § 404.1545(a)(3) (2012); SSR 96-8p, 1996 WL 374184, at *1). The ALJ "is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985).

*Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988) (citations omitted in *Scott*)). The Supreme Court has recently reiterated how deferential the substantial evidence standard is to the ALJ's decision, noting as follows:

> The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ——, ——, 135 S.Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) (emphasis deleted). And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.' . . . It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison*, 305 U.S. at 229, 59 S.Ct. 206. *See Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Here, the ALJ's findings on residual functional capacity, which include considerations of Plaintiff's complained-of shoulder pain, are supported by substantial evidence. They incorporate the SAMC's opinions, to which the ALJ gave great weight, that Plaintiff had no manipulative limitations. At hearing, Plaintiff acknowledged that no treating source opinion contradicted the SAMC's opinion of no manipulative limitations and that to support the limitation Plaintiff was relying on a smattering of medical records, from medical professionals Plaintiff saw only a couple of times, which stated Plaintiff had complaints of hand pain with use. The medical records upon which Plaintiff relies were reviewed by Drs. Ligon and Ballard in finding that Plaintiff had no manipulative limitations. (Tr. 51–52, 63–65). Thus, the record shows that the ALJ considered and incorporated Plaintiff's recognized limitations into the residual functional capacity assessment. (Tr. 16–18, 20–21). Plaintiff's objection is without merit.

Plaintiff further objects to the ALJ's finding that Plaintiff can perform her past relevant work. Docket No. 14 at 7–8. Plaintiff's argument hinges upon the context of the words "as the occupation required." *Id.* Plaintiff contends that the use of these words makes it unclear whether Plaintiff has complete freedom to sit or stand at will. *Id.* Plaintiff asserts that the Commissioner has cited no reason why Plaintiff would discontinue her past work other than her disabling medical conditions; and, therefore, posits that "if Plaintiff at her past work had complete freedom to sit or stand at will, why did she stop working?" *Id.* But the Magistrate Judge found, and this Court agrees, that Plaintiff has selectively referenced the VE's testimony in making this argument. The VE asked several clarifying questions regarding Plaintiff's work, as it was performed, subsequently testifying "[i]t would appear, Your Honor that the manufacturing assembly [position] would fit within your hypothetical. She was actually from a seated position, so she would have the ability to sit or stand as the occupation required." (Tr. 48).

"The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett*, 67 F.3d at 565–66. Having reviewed the record, the Court determines that the record shows that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. The Court further finds Plaintiff's objections are without merit and **OVERRULES** each one. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. The Court hereby **ADOPTS** the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**So ORDERED and SIGNED this 29th day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE